JS - 6

LINK: 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1352 GAF (VBKx) | Date | March 4, 2011 |
|---|---|---|---|
| Title | Gwendolyn Mandosia v. George Soros et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**      **(In Chambers)**

### ORDER REMANDING CASE

### I.  BACKGROUND

    Plaintiff Gwendolyn Mandosia ("Plaintiff") brought suit against Defendants George Soros, Michael Dell, IndyMac, IndyMac Venture LLC, IndyMac Mortgage Services, OneWest Bank FSB, and IndyMac Bank FSB (collectively, "Defendants") in Los Angeles County Superior Court.  (Docket No. 1, Not. of Removal at 2.)  On January 18, 2011, Plaintiff filed an amended complaint in that court.  (Not., Ex. A [First Am. Compl. ("FAC")].)  On February 14, 2011, Defendants removed the action to this Court on the basis of federal question jurisdiction.  (Not.)

    On February 17, 2011, Plaintiff filed an ex parte application for a temporary restraining order enjoining the foreclosure sale of her home, and (2) an ex parte application for stay of enforcement of some unspecified judgment.  (Docket No. 6, __.)  The Court denied the application for the TRO enjoining the foreclosure sale on the grounds (1) that the allegations had no basis in the complaint and (2) that Plaintiff sought to enjoin a party, T.D. Service Company, who was not a defendant in the action.  (Docket No. 9, 2/17/11 Order.)  The Court also denied the application for a stay of enforcement of judgment because the Court could not ascertain what judgment Plaintiff asks the Court to enjoin.  (Id.)

JS - 6

LINK: 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1352 GAF (VBKx) | Date | March 4, 2011 |
|---|---|---|---|
| Title | Gwendolyn Mandosia v. George Soros et al | | |

    In remedying the deficiencies identified in the Court's February 17 Order, Plaintiff has now filed an ex parte application for leave to file a second amended complaint. (Docket No. 10.) She also files an application for a temporary restraining order. (Id.)

## II.  DISCUSSION

**A.  APPLICATION TO FILE SECOND AMENDED COMPLAINT**

    The decision whether to grant leave to amend generally rests "within the discretion of the trial court." Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996) (citation omitted). Leave to amend a pleading is to be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has stated that the policy of allowing amendments "is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts may deny leave to amend where: (1) there is evidence of undue delay, bad faith, or dilatory motive on the part of the movant; (2) amendment will be futile; or (3) the non-movant will be prejudiced if leave to amend is granted. See Foman v. Davis, 371 U.S. 178, 182 (1962). Nevertheless, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).

    Here, there is no indication that Plaintiff seeks to amend her complaint in bad faith or to create undue delay. To the contrary, her repeated applications for a temporary restraining order demonstrate that she seeks prompt resolution of her claims. Further, there is no indication that amendment will be futile, and the Court does not see how granting leave to amend will prejudice Defendants. The litigation is still in its early stages, and both parties will have sufficient opportunity to conduct discovery and prepare for trial.

    Plaintiff's ex parte application for leave to file a Second Amended Complaint is therefore **GRANTED**.

**B.  JURISDICTION**

    Having granted Plaintiff's ex parte application to file a Second Amended Complaint, the Court must assess its jurisdiction over that complaint. The Court retains subject matter jurisdiction over this case because subject matter jurisdiction is based on "the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v.

JS - 6

LINK: 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1352 GAF (VBKx) | Date | March 4, 2011 |
|---|---|---|---|
| Title | Gwendolyn Mandosia v. George Soros et al | | |

Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). The Court had jurisdiction over this case at the time of removal because the removed complaint alleged violations of federal law. (See FAC ¶¶ 19–20.)

Nonetheless, the Second Amended Complaint no longer asserts any federal claims. The twelve enumerated causes of action all seek redress for violations of state law. (Second Am. Compl. ("SAC") ¶¶ 118–266.) Plaintiff asserts that this Court has federal question jurisdiction under 42 U.S.C. § 1983, but the complaint does not state a § 1983 cause of action. In addition, the Court does not appear to have jurisdiction over the SAC on the basis of diversity of citizenship under 28 U.S.C. § 1332. The SAC's allegations suggest that Plaintiff is a citizen of California. Moreover, the Court takes notice that T.D. Service Company's only listed address is in California. Therefore, it appears it has its principal place of business in California and is thus a California citizen for diversity jurisdiction purposes. See 28 U.S.C. § 1332(c)(1). The Court therefore has neither federal question nor diversity jurisdiction over the SAC.

In its discretion, however, the Court could exercise supplemental jurisdiction over Plaintiff's claims. See 28 U.S.C. § 1367. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). While the presence of any of these factors will authorize the Court to decline to exercise supplemental jurisdiction over state-law claims, the Court's discretion "is informed by the . . . values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, no claims remain over which the Court has original jurisdiction. Because the Court

JS - 6

**LINK: 10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1352 GAF (VBKx) | Date | March 4, 2011 |
|---|---|---|---|
| Title | Gwendolyn Mandosia v. George Soros et al | | |

has not yet expended significant time on this case, it would be economical to remand the case to state court, where Plaintiff initially filed her suit. The Court accordingly declines to exercise supplemental jurisdiction over the claims in Plaintiff's Second Amended Complaint and accordingly **REMANDS** this case to state court.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's application for leave to file a Second Amended Complaint is **GRANTED**. This Court declines to exercise supplemental jurisdiction over the claims remaining in this case and accordingly **REMANDS** this case to state court.

**IT IS SO ORDERED.**